NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

FORREST C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, P.C., F.C., *Appellees*.

No. 1 CA-JV 16-0102
FILED 8-30-2016

Appeal from the Superior Court in Maricopa County
No. JD21752
The Honorable David B. Gass, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Chief Judge Michael J. Brown joined.

**J O N E S**, Judge:

¶1        Forrest C. (Father) appeals the juvenile court's order terminating his parental rights to P.C. and F.C. (the Children), arguing the Department of Child Safety (DCS) failed to prove the statutory grounds for severance by clear and convincing evidence.  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        In November 2014, the Children's maternal grandparents (Grandparents) filed a petition alleging the Children, then ages six and eleven, were dependent as to Father on the grounds of neglect and substance abuse.[2]  The juvenile court granted temporary custody of the Children to DCS and ordered they remain with Grandparents, with whom the Children had lived for the past three and a half years.  Father, who was living in Hawaii at the time, was ordered to and specifically agreed to participate in parenting classes, as well as hair follicle and urinalysis testing to rule out the use of illegal substances.  In April 2015, Father returned to Arizona and was referred for a substance abuse assessment, continued drug testing, weekly supervised visitation, and transportation assistance.  Thereafter, the court authorized DCS to substitute as petitioners.

---

[1]        We view the facts in the light most favorable to upholding the juvenile court's order terminating parental rights.  *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010) (citing *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008)).

[2]        The petition also alleged the Children were dependent as to their mother on the grounds of abuse, neglect, substance abuse, and abandonment.  She failed to appear at the termination hearing, and her parental rights were terminated in March 2016.  She did not challenge this determination and is not a party to this appeal.

**¶3** Although Father contested the allegations of the petition, he failed, without good cause, to appear at the dependency adjudication hearing, and the Children were adjudicated dependent in September 2015. The court simultaneously set a case plan of family reunification.

**¶4** In October 2015, DCS expressed concern regarding Father's failure to engage in the case plan despite being advised orally and in writing multiple times that he needed to participate in services. Although the dependency had been initiated nearly a year prior, Father did not have stable housing or employment and had yet to take a single drug test or even call the testing center to see if a test was required. And, because he had not achieved any period of sobriety, DCS was unable to refer him for parent aide services, individual counseling, or a psychological evaluation.

**¶5** DCS moved to change the case plan to severance and adoption, and the motion was granted over Father's objection. Father did not object, however, to the adequacy of the services provided, and the juvenile court found DCS had made reasonable efforts to provide reunification services.

**¶6** DCS immediately filed a motion to terminate Father's parental rights, alleging Father had substantially neglected or willfully refused to remedy the circumstances causing the Children to be in an out-of-home placement for nine months or longer, *see* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(8)(a),[3] and termination was in the Children's best interests. A contested termination hearing was scheduled for February 2016.

**¶7** In the meantime, DCS submitted new referrals for random urinalysis and hair follicle testing. Father did not call in or present for any drug testing, but finally participated in a substance abuse assessment in December 2015. At that time, he reported using marijuana once per month and methamphetamine two to four times per month in the past year to "cope with life issues." An oral swab the same day tested positive for amphetamine at a quantity six times the minimum detection level and methamphetamine at more than fifty times the minimum detection level.[4]

---

[3] Absent material changes from the relevant date, we cite a statute's current version.

[4] The laboratory analyzing Father's hair sample applied a "cutoff" level of 50 nanograms per milligram of hair. The test results indicated the presence of amphetamine at 336.6 nanograms per milligram and methamphetamine at 2,711.3 nanograms per milligram.

Father was assessed with a cannabis use disorder and amphetamine use disorder and recommended to participate in standard outpatient substance abuse treatment. Despite this assessment, Father did not participate in any additional drug testing or follow up on the recommended treatment.

**¶8** At the termination hearing, Father testified his use of marijuana and methamphetamine was "mild," he did not have a "drug problem," he had already completed a substance abuse treatment program in 2012 to address a prescription medication addiction, and the interim substance abuse treatment classes to which he was assigned were inconveniently located. Father further denied receiving any communications from the DCS caseworker regarding his need to participate in services and complained that phone calls to DCS and the service providers were not returned.

**¶9** After taking the matter under advisement, the juvenile court issued an order detailing its findings of fact regarding Father's significant history of substance abuse and sporadic participation in services. The court determined DCS had made reasonable efforts to reunify Father with the Children and had proven by clear and convincing evidence that severance was warranted based upon the Children's length of time in out-of-home care. The court also found DCS had proven by a preponderance of the evidence that severance was in the Children's best interests and entered an order terminating Father's parental rights to the Children. Father timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235, 12-120.21(A)(1), and -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

**¶10** A parent's rights may be terminated if it is proven by clear and convincing evidence that: (1) the children have been in an out-of-home placement for nine months or longer pursuant to court order; (2) DCS has made diligent efforts to reunify the family; and (3) "the parent has substantially neglected or willfully refused to remedy the circumstances that cause the child to be in an out-of-home placement, including refusal to participate in reunification services offered by [DCS]." A.R.S. § 8-533(B)(8)(a); Ariz. R.P. Juv. Ct. 66(C); *see also Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000); *Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 176-77, ¶ 9 (App. 2014). Father does not dispute the length of time the Children have been out-of-home or his own efforts to address the circumstances causing their removal, but challenges only the juvenile

court's finding that DCS provided him adequate time and opportunity to participate in reunification services.[5]

¶11    DCS has an affirmative duty "to make all reasonable efforts to preserve the family relationship," *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 186, ¶ 1 (App. 1999) (citing *Maricopa Cty. Juv. Action No. JS-6520*, 157 Ariz. 238, 241 (App. 1988)), and must provide a parent "with the time and opportunity to participate in programs designed to help [him] to become an effective parent," *Maricopa Cty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994). But, DCS "is not required to provide every conceivable service or to ensure that a parent participates in each service it offers." *Id.* (citing *Maricopa Cty. Juv. Action No. JS-5209 and No. JS-4963*, 143 Ariz. 178, 189 (App. 1984)). Nor is the court required to "leav[e] the window of opportunity for remediation open indefinitely." *Maricopa Cty. Juv. Action No. JS-501568*, 177 Ariz. 571, 577 (App. 1994) (citing *Maricopa Cty. Juv. Action No. JS-4283*, 133 Ariz. 598, 601 (App. 1982)).

¶12    Regarding reunification efforts, the juvenile court found DCS made diligent efforts to provide Father treatment for his chronic substance abuse, including urinalysis testing and substance abuse counseling, and that these services would assist Father in maintaining sobriety so other services, including case management, parent aide services, and a psychological evaluation, would be effective. The court also noted that DCS provided visitation with the Children and transportation assistance so Father could participate in the services. We review the court's factual findings that DCS made reasonable efforts to reunify the family for an abuse of discretion and will affirm so long as there is substantial evidence to support them. *See, e.g.*, *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 81-82, ¶¶ 12-13 (App. 2005) (citations omitted).

¶13    These findings are supported by the record, which reflects Father was offered services specifically targeted to address the primary impediment to reunification — substance abuse — which consisted primarily of substance abuse treatment and testing. DCS re-submitted

---

[5]    DCS argues Father waived his right to challenge this finding by failing to make a timely objection to the adequacy of services. *See Shawanee*, 234 Ariz. at 178-79, ¶¶ 16, 18. Unlike the situation in *Shawanee* where the parent failed to raise *any* objection in the juvenile court, Father here challenged whether DCS made reasonable efforts to provide reunification services at the termination hearing. We therefore reject DCS's waiver argument.

referrals for these services multiples times despite Father's lack of commitment, consistency, and participation.

¶14      Although Father testified his urinalysis testing referrals were not processed until November 2015, leaving him only three months to progress through the case plan before the termination hearing, the DCS caseworker reported she submitted twelve referrals for the service. The records from the testing center further indicate he had an open file and was required to test as early as March 2015 and recorded one instance, in October 2015, where Father called in and was advised no test was required that day. Father also testified he attempted to contact the substance abuse treatment provider and DCS caseworker numerous times and never received a call back. However, Father admitted he did not provide DCS with a current address, and on the occasion he did contact the caseworker, he did not ask any questions about the services. And, he did not otherwise try to attend the substance abuse treatment, which he knew occurred on Monday each week; nor did he attempt to seek treatment elsewhere in the fifteen months between the dependency petition and the termination hearing.

¶15      We do not reweigh the evidence on appeal; as the trier of fact, the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004) (citing *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002)). The record supports the court's determination that DCS made reasonable efforts to provide Father rehabilitative services.

**CONCLUSION**

¶16      The juvenile court's order terminating Father's parental rights to the Children is affirmed.



Amy M. Wood • Clerk of the court
FILED: AA